

Louisiana | Mississippi | Texas | Florida | Alabama | North Carolina | London

WILLIAM J. TINSLEY, JR.
Counsel
(813) 472-7590
william.tinsley@phelps.com

January 23, 2020

21851-0316

**VIA ECF FILING**

The Honorable Pamela K. Chen
United States District Court for the
    Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    *Tracy Jeffrey[1] v. The Hertz Corporation and DTG Operations, Inc.*
             Case No. 1:19-cv-07209-PKC-CLP

Dear Judge Chen:

    I write to request a pre-motion conference in accordance with your Individual Practices and Rules. As explained below, Defendants The Hertz Corporation and DTG Operations, Inc. intend to file a motion to dismiss Plaintiff's Class Action Complaint pursuant to the first-filed rule. Dismissal of this action is appropriate as an earlier-filed case in the Southern District of New York, *Polat Kemal v. The Hertz Corporation*, No. 19-CV-05461, already encompasses Plaintiff's claims.

**I.    Background**

    This is the fourth lawsuit filed against Defendants involving the same plaintiffs' counsel, all alleging Hertz and/or DTG Operations, Inc. ("Hertz") Function and Location Managers are misclassified as salaried employees exempt from overtime pay. The first action, a putative nationwide collective action alleging Hertz violated the FLSA by misclassifying its Function and Location Managers as salaried exempt employees, was filed on December 13, 2018 by Bamidele Aiyekusibe through the Feldman Legal Group. *Aiyekusibe et al. v. Hertz et al.*, 2:18-cv-816 (M.D. Fla.). *Aiyekusibe* was amended three times to add additional named plaintiffs and defendant DTG Operations, Inc. *Id.* On May 17, 2019, Daniel Figueroa and Greg Schroeder, through the Shavitz Law Group, P.A., filed an identical putative nationwide collective action against Hertz and DTG Operations, Inc. *Figueroa et al. v. The Hertz Corporation et al.*, 2:19-cv-0326 (M.D. Fla.). Hertz moved to dismiss *Figueroa* under the first-filed rule. *See Figueroa*, ECF No. 24. The *Figueroa* plaintiffs argued that consolidation, rather than dismissal, was appropriate, and claimed that the two actions did not substantially overlap. The Court rejected both arguments, granted Hertz's motion to dismiss, and emphasized that "both cases [we]re quickly becoming a mess." *Figueroa*, ECF No. 50 (the Shavitz Law Group, P.A. is now co-counsel in *Aiyekusibe*).

---

[1] Plaintiff's last name is properly spelled "Jeffery."

COUNSELORS AT LAW

100 South Ashley Drive, Suite 2000 | Tampa, Florida 33602-5315 | 813-472-7550 | 813-472-7570 Fax | phelpsdunbar.com

The Honorable Pamela K. Chen
January 23, 2020
Page 2

On June 11, 2019, Polat Kemal (an opt-in plaintiff in *Figueroa* whose FLSA claims would have been time barred) filed another misclassification case in the Southern District of New York through the Shavitz Law Group, P.A. (Feldman Legal Group is co-counsel in *Kemal*). *Kemal* is a "Rule 23 class action asserting that Defendant misclassified Plaintiff and other New York Location Managers as exempt from the New York Labor Law's overtime requirements." *Kemal*, ECF No. 23, ¶ 3. Kemal includes in the putative class all "L[ocation] M[anager]s at Defendant's New York rental locations during the" alleged class period. *Kemal*, ECF No. 1, ¶ 25. Kemal worked only at non-airport locations, but has not limited his lawsuit to non-airport employees. *See*, *e.g.*, *id.*; *Kemal*, ECF No. 38-1, pp. 1, 3, 5 (seeking discovery related to airport employees).[2] Accordingly, Kemal's Complaint, as pleaded, encompasses airport and non-airport employees in New York.[3]

## II.     Legal Framework: The First-Filed Rule

"The 'first-filed' rule is a well-settled legal doctrine, instructing that 'where there are two [or more] competing lawsuits, the first suit should have priority, absent the showing of balance of convenience or special circumstances giving priority to the second.'" *Wyler-Wittenberg v. MetLife Home Loans, Inc.*, 899 F. Supp. 235, 243 (E.D.N.Y. 2012) (quoting *First City Nat. Bank and Trust Co. v. Simmons*, 878 F.2d 76, 79 (2d Cir. 1989)). The first-filed rule promotes "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952). The rule helps "protect parties from 'the vexation of concurrent litigation over the same subject matter.'" *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000) (quotation omitted).

***This Court has broad authority to enforce the first-filed rule.*** When the first-filed rule applies, "[t]he decision whether or not to stay or dismiss a proceeding rests within a district judge's discretion." *Adam*, 950 F.2d at 92; *see also Castillo v. Taco Bell of America, LLC*, 960 F. Supp. 2d 401, 404 (E.D.N.Y. 2013) ("A district court has broad discretion to dismiss a lawsuit that is duplicative of a prior action.").

***The first-filed rule applies when actions substantially overlap.*** "[A]pplication of the rule does not require *identical* parties in the cases, but merely requires substantial overlap." *Wyler-Wittenberg*, 899 F. Supp. 2d at 244 (emphasis in original); *see also Oleg Cassini, Inc. v. Serta. Inc.*, No. 11-cv-8751, 2012 U.S. Dist. LEXIS 33875, at *3 (S.D.N.Y. Mar. 13, 2012) (holding that for the first-filed rule to apply "issues need not be identical, and the named parties need not be entirely the same provided that they represent the same interests"). Courts analyzing substantial overlap consider "whether the lawsuits at issue assert the same rights, and seek relief based upon the same facts." *Castillo*, 960 F. Supp. 2d. at 404.

***Only two narrow exceptions to the first-filed rule exist.*** Those exceptions are: "(1) where the 'balance of convenience' favors the second-filed action, and (2) where 'special circumstances'

---
[2] In part because Kemal worked in non-airport locations, Hertz has objected to discovery about airport employees. Kemal never sought to add an airport employee as a named plaintiff or narrowed the scope of discovery.

[3] To avoid duplication, Hertz has advised Kemal that it would not oppose a request to amend the Kemal Complaint to add an airport employee. Kemal's counsel has declined this option, instead indicating that Kemal will seek to amend his Complaint to narrow it to non-airport employees and maintain the duplicative actions. The amendment, if allowed (it is presumptively untimely), would not remove the duplication requiring dismissal.

The Honorable Pamela K. Chen
January 23, 2020
Page 3

warrant giving priority to the second suit." *Emp'rs Ins. of Wausau v. Fox Entm't Grp., Inc.*, 522 F.3d 271, 275 (2d Cir. 2008) (citations omitted).  The factors relevant to the balance of convenience analysis are essentially the same as those considered in connection with a venue transfer motion under 28 U.S.C. § 1404(a).  *See id*.  "Special circumstances" warranting departure from the first-filed rule are "quite rare" and generally require a first-filing plaintiff to "engage in some manipulative or deceptive behavior."  *Id*. at 276.  "Where special circumstances are not present, a balancing of the conveniences is necessary."  *Id*.

*A court disposing of a second-filed, substantially overlapping action has a menu of options.*  A court may dismiss the duplicative lawsuit, "transfer a case to the first-filed district[,] or stay the second case pending resolution of the first-filed case."  *Thomas v. Apple-Metro, Inc.*, No. 14-CV-4120, 2015 U.S. Dist. LEXIS 14574, at *7 (S.D.N.Y. Feb. 5, 2015).  Although courts have broad discretion in addressing duplicative litigation under the first-filed rule, their decisions to dismiss, stay, or transfer a second-filed case should "foster the guiding principles of judicial economy and fairness that courts must rely upon in determining whether, and how, to apply the first-filed rule."  *Id*. at *13.

### III.     The Court Should Dismiss this Action Under the First-Filed Rule

*The first-filed rule applies because this action substantially overlaps with previously filed suits.*  The issues, chronology, and parties in *Kemal* and this action overlap substantially.  Kemal agrees, stating that "[t]here is substantial overlap as to evidence of Defendants' classification of Location Managers and general employment and compensation policies in New York."  *Kemal*, ECF No. 40, p. 2.  Because Kemal's and Jeffery's Complaints raise the same substantive issues and seek the same relief, each action will involve largely identical motion practice, overlapping discovery, and similar case management considerations.  Thus, substantial overlap exists.

*There are no exceptions to the first-filed rule here.*  First, there are no "special circumstances" such as an improper anticipatory filing.  Second, none of the 28 U.S.C. § 1404(a) factors—which heavily emphasize convenience and the location of documents/facts—suggest that the balance of convenience weighs in favor of maintaining this action over *Kemal* in the Southern District of New York.  Alternatively, *Kemal* should be dismissed.  The two cases cannot coexist.

*Dismissal, rather than a transfer or stay, is the appropriate remedy.*  Dismissing this action will "foster judicial economy and the comprehensive disposition of litigation" and protect Defendants "from the vexation of concurrent litigation over the same subject matter."  *Curtis*, 226 F.3d at 138.  Indeed, dismissing this action is the only meaningful remedy available to address the duplication here.  Staying or transferring this case to the Southern District of New York "would not foster the guiding principles of judicial economy and fairness that courts must rely upon in determining whether, and how, to apply the first-filed rule," as it would not dispose of this wholly duplicative case.  *Thomas*, 2015 U.S. Dist. LEXIS 14574, at *13.  We look forward to answering the Court's questions regarding the proposed Motion.

                                              Sincerely,

                                              /s/ William J. Tinsley, Jr.

The Honorable Pamela K. Chen
January 23, 2020
Page 4

cc: Reed L. Russell (*pro hac vice anticipated*)
Erin L. Malone (*pro hac vice anticipated*)
J. Day Peake III (*pro hac vice anticipated*)
Counsel of record via ECF