UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
TRACY JEFFREY,

                Plaintiff,                **MEMORANDUM & ORDER**
                                                                  19-CV-7209 (PKC) (CLP)

    - against -

DTG OPERATIONS, INC. and THE HERTZ
CORPORATION,

                Defendants.
----------------------------------------------------------x
PAMELA K. CHEN, United States District Judge:

       Before the Court is Defendants DTG Operations, Inc. and The Hertz Corporation's (collectively "Hertz") motion to dismiss Plaintiff Tracy Jefferey's New York Labor Law claims, pursuant to the first-filed rule, as an earlier-filed case in the Southern District of New York, *Kemal v. Hertz Corporation*, No. 19-CV-5461 (PAE) (RWL), already encompasses Plaintiff's claims.[1] The Court agrees and dismisses this suit without prejudice and with leave to refile in the Southern District of New York ("SDNY").[2]

---

[1] The Court notes that the same plaintiffs' counsel for both the Eastern District of New York and Southern District of New York cases represent the plaintiffs in at least two additional group claims brought on behalf of location managers alleging wrongful employment classification and seeking overtime compensation against Hertz: *Aiyekusibe v. Hertz Corp.*, No. 18-CV-816, in the Middle District of Florida, *see Aiyekusibe v. Hertz Corp.*, No. 18-CV-816 (FTM) (MRM), 2020 WL 814000 (M.D. Fla. Feb. 19, 2020) (granting conditional certification in a substantially similar FLSA case), and *Figueroa v. Hertz Corp.*, No. 19-CV-326, also in the Middle District of Florida, which was also dismissed pursuant to the first-filed rule, *see* Memorandum Dismissing Case, Dkt. 50, at 3–10, *Figueroa v. Hertz Corp.*, No. 19-CV-326 (SPC) (NPM) (M.D. Fla. Aug. 15, 2019).

[2] In light of this Order, the Court also denies the parties' joint motion to temporarily stay this case pending mediation (Dkt. 16) as moot.

## BACKGROUND

### I. Allegations in This Case

Plaintiff in the instant case filed a class action complaint in this district on December 23, 2019. (*Jeffrey* Compl., Dkt. 1.) Plaintiff brought the claims on his own behalf, and on behalf of location managers or persons in comparable roles working for Hertz, to remedy violations of the New York Labor Law ("N.Y. Lab. Law") §§ 650 *et seq.*, and its supporting regulations. (*Id.* at ¶ 1.) Plaintiff alleges that Defendants minimized labor costs by employing non-exempt hourly workers to staff airport rental locations and routinely required location managers to work in excess of forty hours per week, without paying overtime wages. (*Id.* at ¶¶ 5–9.) Plaintiff asserts one cause of action based on lost wages (*id.* at ¶¶ 57–63) and a second for Defendants' alleged failure to comply with the notice and record keeping requirements under state labor laws (*id.* at ¶¶ 64–70).

### II. Allegations in the SDNY Case: *Kemal v. Hertz Corp.*

On June 11, 2019, Polat Kemal filed a complaint ("*Kemal* Complaint") against the Hertz Corporation in the Southern District of New York for substantially the same claims. Complaint, *Kemal v. Hertz Corp.*, No. 19-CV-5461 (PAE) (RWL) (S.D.N.Y. Jun. 11, 2019). The plaintiff in *Kemal* brought a class action complaint against Hertz to "recover overtime compensation for [himself] and similarly situated individuals who have worked as Location Managers or in comparable roles with different titles" at "Hertz, Dollar, Thrifty, or Dollar/Thrifty branded car rental location[s] in New York." *Id.* at ¶ 1. The Complaint similarly alleges that to minimize labor costs, Defendant staffs its locations "leanly" and uses non-exempt and hourly workers to avoid paying overtime wages. *Id.* ¶ 6. The *Kemal* plaintiff asserts one cause of action based on lost wages, *id.* at ¶¶ 52–58, and a second for Defendants' alleged failure to comply with the notice and record keeping requirements under New York labor laws, *id.* at ¶¶ 59–65.

The difference between these two actions is that the case currently pending before this Court was specifically brought on behalf of workers at airport locations, while the case pending in the SDNY covers Hertz rental locations in the New York State area more broadly.

**LEGAL STANDARD**

The first-filed rule

> provides that "where there are two competing lawsuits, the first suit should have priority, absent the showing of balance of convenience or special circumstances giving priority to the second." The rule "embodies considerations of judicial administration and conservation of resources, and recognizes that a party who first brings an issue into a court of competent jurisdiction should be free from the vexation of concurrent litigation over the same subject matter."

*Horowitz v. 148 S. Emerson Assocs. LLC*, 888 F.3d 13, 22 (2d Cir. 2018) (quoting *AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*, 626 F.3d 699, 722 (2d Cir. 2010)). The rule also "adher[es] to the inherently fair concept that the party who commenced the first suit should generally be the party to attain its choice of venue." *Reed v. 1-800-Flowers.com, Inc.*, 327 F. Supp. 3d 539, 545 (E.D.N.Y. 2018) (internal quotation marks and citations omitted).

The first-filed rule "does not provide an invariable mandate. Instead, it creates a presumption in favor of proceeding in the forum where the first complaint was filed. It is not meant to be applied in a rigid or mechanical way, and is quite commonly overcome where circumstances warrant." *Id.* (internal quotation marks and citations omitted). Ultimately, the application of the rule is "an equitable task within the sound discretion of the district court." *Id.* (internal quotation marks and citation omitted). "When determining whether to apply the first-filed doctrine, the court considers whether the lawsuits at issue assert the same rights, and seek relief based upon the same facts. The lawsuits need not be identical, but the claims and rights raised in the two actions must not differ substantially." *Burns v. County of Nassau*, 337 F. Supp. 3d 210, 213 (E.D.N.Y. 2018) (internal quotation marks and citations omitted).

The Second Circuit has recognized only two exceptions to the first-filed rule: "(1) where the balance of convenience favors the second-filed action, and (2) where special circumstances warrant giving priority to the second suit." *Emp'rs. Ins. of Wassau v. Fox Entm't Grp., Inc.*, 522 F.3d 271, 275 (2d Cir. 2008) (internal quotation marks and citations omitted). The factors relevant to the first exception—a balance of convenience—are derived from the same factors a court considers when deciding a motion to transfer venue pursuant to 28 U.S.C. § 1404(a):

> (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of the parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties.

*Id.* (internal quotation marks, citation, and alteration omitted). With respect to the second prong—special circumstances—the Circuit has noted that there are a very limited number of circumstances where priority would be granted to the later-filed lawsuit. *Id.* Examples include: when a party files an anticipatory declaratory judgment action in response to direct threats of litigation; when forum shopping alone motivated the choice of venue for the first suit; where the first-filing plaintiff has engaged in "manipulative or deceptive behavior"; and where the ties between the litigation and the first venue are so "tenuous or de minimis that a full 'balance of convenience' analysis would not be necessary to determine that the second forum is more appropriate than the first." *Id.* at 276.

**DISCUSSION**

The Court finds that the first-filed rule applies here and that no exception should be made to its application to this lawsuit. First, "[t]he class . . . claims raised in [this and the SDNY cases] are so substantially similar as to require dismissal." *Burke v. Bimbo Bakeries USA, Inc.*, No. 19-CV-902 (MAD) (ATB), 2019 WL 6068038, at *3 (N.D.N.Y. Nov. 15, 2019). Both suits seek to recover overtime compensation for plaintiffs who work in substantially similar positions at Hertz

4

based on the same allegedly unlawful conduct by Hertz. (*Compare Jeffery* Compl., Dkt. 1, at ¶¶ 3–8, 57–70, *with Kemal* Compl. at ¶¶ 3–8, 52–65, *Kemal*, No. 19-CV-5461 (PAE) (RML).) The only difference between these two suits is that the class claims in *Jeffrey* encompass only airport locations, while the *Kemal* claims encompass both airport and non-airport locations.[3] This difference is insufficient to defeat application of the first-filed rule. *Cf. Andreas-Moses v. Hartford Ins. Co.*, No. 16-CV-1387 (BKS) (DEP), 2017 WL 5634709, at *3–4 (N.D.N.Y. Oct. 30, 2017) (applying the first-filed rule to class action suits filed by different plaintiff classes but presenting "virtually the same" factual and legal issues). It would be "patently unfair to require Defendants to litigate the class issues here at the same time as those matters are being litigated in the first-filed action." *See Burke*, 2019 WL 6068038, at *3 (internal quotation marks and citation omitted); *see also Kinkead v. Humana at Home, Inc.*, 330 F.R.D. 338, 357 (D. Conn. 2019) ("There is little economy in requiring a subset of the New York plaintiffs to seek relief in a separate forum on one set of claims, particularly when the same parties, witnesses, and evidence will all remain relevant to proceedings here.").

The Court finds unavailing Plaintiff's argument that the dismissal of this case "will essentially lead to the airport Location Managers' New York Labor Law claims not being heard [because] . . . Plaintiff Kemal is seeking to limit his case to non-airport Location Managers."

---

[3] The Court notes that the parties dispute the scope of the *Kemal* action, and whether those claims have been narrowed to encompass only non-airport locations. (*Compare* Plaintiff's Response, Dkt. 9; Plaintiff's Letter, Dkt. 15, *with* Defendants' Letter, Dkt. 7.) A review of the docket in the *Kemal* action shows that the class allegations have not been formally narrowed to such a degree, and as discussed *infra*, the *Kemal* court anticipates that the plaintiff in that case—represented by the same counsel as here—will seek to amend the *Kemal* complaint to add claims specifically relating to the airport locations covered by this lawsuit, should the instant motion be granted and this case dismissed.

5

(Plaintiff's Response, Dkt. 9, at ECF[4] 3.) The Court finds this contention disingenuous, especially since Plaintiffs' counsel is the same in both cases, and does not credit it. Any concerns Plaintiff may have about not being able to pursue his and the class's New York Labor law claims with respect to the airport locations, if this Court grants the instant motion, can be easily addressed by the *Kemal* plaintiff amending his complaint to add the claims from this lawsuit—as anticipated by the court in *Kemal* and as consented to by Hertz. (*See id.* at ECF 2 n.1.) *See also* Dkt. 46, *Kemal v. Hertz Corp.*, No. 19-CV-5461 (PAE) (RWL) (S.D.N.Y. Feb. 5, 2020).

The Court also rejects Plaintiff's argument that "Hertz's true motivation in opposing Kemal's motion to amend the complaint [in the SDNY] is to gain a perceived tactical advantage on class certification by insisting on keeping the claims in one proceeding and then arguing that distinctions among airport and non-airport Location Managers preclude class treatment." (Plaintiff's Letter, Dkt. 15, at ECF 2.) This is sheer, unfounded speculation, and in fact, it is contradicted by Hertz's offer to consent to Kemal's amendment of his complaint to include the claims from this lawsuit. In any event, Plaintiff's argument does not meet the criteria for an exception to the first-filed rule as it does not allege an anticipatory action by Hertz "in response to a direct threat of litigation," *Emp'rs. Ins. of Wassau*, 522 F.3d at 276, nor can Plaintiff show that this district would be more convenient than the SDNY, *cf. id.* at 275–76; *Wald v. Bank of Am. Corp.*, 856 F. Supp. 2d 545, 549 (E.D.N.Y. 2012) ("[G]iven the relatively short walk across the Brooklyn Bridge separating the two districts, the Court finds—and other courts agree—that the [venue] factors are neutral." (collecting cases)).

---

[4] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

Finally, the Court rejects Plaintiff's contention that the SDNY "does not have personal jurisdiction over Jeffrey's claims." (Plaintiff's Response, Dkt. 9, at ECF 2 n.1; *see also* Plaintiff's Letter, Dkt. 15, at 2 ("Moreover, [Defendant] ignores the jurisdictional issues here because Plaintiff Jeffrey never worked in the Southern District of New York and that Court has no jurisdiction over these claims.").) First, the personal jurisdiction analysis is the same in both districts because *both courts are located in the same state*. All federal district courts "sitting in New York must answer two questions when determining whether there is personal jurisdiction over a *defendant*: (1) whether there is jurisdiction under New York law; and (2) whether the exercise of jurisdiction would be consistent with federal due process requirements." *Thakurdeen v. Duke Univ.*, 660 F. App'x 43, 45 (2d Cir. 2016) (summary order) (emphasis added) (citing *Grand River Enters. Six Nations, Ltd. v. Pryor*, 425 F.3d 158, 165 (2d Cir. 2005)). Second, and more importantly, the question of a district court's ability to assert personal jurisdiction is an inquiry relates to the *defendant*, not the plaintiff. Plaintiff Jefferey *chose* to bring this claim in federal court located in New York State, and thus has no grounds on which to contest personal jurisdiction. *Cf. Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 780 (1984) ("The victim of a libel, like the victim of any other tort, may choose to bring suit in any forum.").

To the extent Plaintiff is actually complaining about a lack of venue (and not "personal jurisdiction") in the SDNY for his claims relating to airport locations in this district, *e.g.*, at LaGuardia or John F. Kennedy Airports in Queens (*see Jeffrey* Compl., Dkt. 1, ¶ 11) the Court finds that, under the circumstances of this case, venue would be equally appropriate in the SDNY. It is true that "[a]n interesting question arises as to whether the weight generally accorded plaintiff's choice of forum should be afforded where two lawsuits are pending in two different districts." *Ontel Prods., Inc. v. Project Strategies Corp.*, 899 F. Supp. 1144, 1153 (S.D.N.Y.

1995). However, "where suits are pending in different districts and the first-filed action is deemed not to be an improper anticipatory filing," like here, "the court in which the first case was filed will decide which case will proceed and, in doing so, will afford the plaintiff in the first-filed case with the weight it would be provided in the typical transfer situation." *Id.* Applying that principle, the Court finds that dismissal under the first-filed rule is appropriate for all the reasons previously described. Additionally, "[p]rosecuting a class action with a plethora of diverse claimants markedly diminishes the class representative's choice of forum objection because the plaintiff is only one of many potential plaintiffs, all of whom could with equal show of right go into their many home courts." *Wald*, 856 F. Supp. 2d at 549 (internal quotation marks and citations omitted). In this suit, Plaintiff is seeking to recover on behalf of "individuals who have worked as Location Managers or in comparable roles with different titles . . . at any Hertz, Dollar, Thrifty, or Dollar/Thrifty branded car rental location[s] located at airports in New York." (*Jeffrey* Compl., Dkt. 1, ¶ 1.) As such, members of the purported class are located throughout the State, *i.e.*, outside of the EDNY. "[V]enue is appropriate in *each* district where a substantial part of the events occurred and thus venue may be appropriate in [a] district even if a greater portion of events occurred elsewhere." *Sea Tow Servs. Intern., Inc. v. Pontin*, 472 F. Supp. 2d 349, 364 (E.D.N.Y. 2007) (internal quotation marks, ellipsis, and citation omitted) (emphasis in original). For these reasons, the Court finds the first-filed rule applicable, and dismisses Plaintiff's complaint.

## CONCLUSION

The Court grants Defendants' motion to dismiss pursuant to the first-filed rule. This complaint is dismissed without prejudice. The Clerk of Court is respectfully directed to enter judgment and terminate this case.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: March 31, 2020
      Brooklyn, New York